IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PAULA V. GEORGES,

    Plaintiff,

  v.

PENSKE TRUCK LEASING
COMPANY, LP, *et al.*,

    Defendants.

Case No. 2:24-cv-441

**OPINION & ORDER**

Defendant Penske Truck Leasing Company, LP seeks dismissal of a claim that it was negligent for entrusting a truck to a driver who had a history of criminal convictions and traffic violations. ECF No. 60. Because a defendant's driving record is not relevant to a driver's fitness to operate a vehicle under Virginia law, the Motion will be **GRANTED**.

**I.    BACKGROUND**

At this stage, the Court assumes that the facts alleged in the Complaint are true. Defendant B&TT Trucking, LLC, a commercial truck driving company, employed Defendant Glenn. ECF No. 55 ¶¶ 14–15. Defendant Glenn drove a truck leased[1] from Defendant Penske, who knew it was standard industry practice to investigate the driving record of those they leased to. *Id.* ¶¶ 18, 20.

---

[1] It is unclear from the pleadings whether Defendant Penske leased the truck to Defendant Glenn or Defendant B&TT. The pleadings only make clear that the truck was leased. *Id.* ¶ 18. However, whether it was leased to Defendant Glenn through his

Defendant Glenn has a criminal history and driving record, including (1) speeding in a school zone and failing to wear a seatbelt, (2) driving without a license and with expired tags, (3) failing to use due care, (4) driving on a suspended license, (5) possessing cannabis and trespassing onto a structure or conveyance, (6) careless driving, (7) driving on a suspended license and failing to wear a seatbelt, and (8) driving on a suspended license and with an obscured tag. ECF No. 55 ¶¶ 6–13.

Defendant Glenn drove Penske's truck too fast while exiting Interstate 264 and lost control of the vehicle. ECF No. 55 ¶ 23. The truck flipped over on the shoulder of the exit ramp, and the plaintiff—the truck's passenger—was injured. *Id.* ¶¶ 22, 24.

## II. LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the court "must take all the factual allegations in the complaint as true." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

---

employer or individually, the Court construes the facts to allege that Defendant Penske permitted Defendant Glenn to drive the truck.

## III. ANALYSIS

The Supreme Court of Virginia has not explicitly defined the elements of a negligent entrustment claim, so this Court must "predict" how it would rule. *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022). Federal courts sitting in diversity apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). In Virginia, the elements of a cause of action are substantive law. *Roller v. Basic Const. Co.*, 384 S.E.2d 323, 326 (Va. 1989). And substantive matters are governed by "the law of the place of the transaction or the place where the right is acquired," *Frye v. Commonwealth*, 345 S.E.2d 267, 272 (Va. 1986)—in other words, the "place of the wrong," *Jones v. R.S. Jones & Assocs.*, 431 S.E.2d 33, 34 (Va. 1993).[2]

Per the Restatement, the "place of the wrong" is "the state where the last event necessary to make an actor liable for an alleged tort takes place." Restatement (First) of Conflicts of Laws § 377 (1934). Negligent entrustment is not completed until the

---

[2] The Supreme Court of Virginia has not explicitly defined the "place of the wrong" in negligent entrustment cases, but this Court finds that it would adopt the rule in the Restatement (First) of Conflict of Laws. *See Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022) (when the highest state court has not decided an issue, a federal court sitting in diversity must "predict" how it would rule); *Town of Nags Head v. Toloczko*, 728 F.3d 391, 398 (4th Cir. 2013) (in making such a prediction, the federal court "must follow the decision of an intermediate state appellate court" unless it is persuaded the highest court would decide differently); *Hazelwood v. Law. Garage, LLC*, 904 S.E.2d 322, 327 (Va. App. 2024) ("While the [Virginia] Supreme Court has not adopted the Restatement (First) of Conflicts of Laws § 377 outright, it has affirmed the . . . principle that 'the place of wrong is in the state where the last event necessary to make an actor liable for an alleged tort takes place.'") (alteration accepted); *see also Frye*, 345 S.E.2d at 272 (rejecting a change in the *Second* Restatement and noting that "Virginia adheres to the use of traditional rules applicable to conflicts of laws.").

plaintiff is harmed. *See Denby v. Davis*, 188 S.E.2d 226, 229–230 (Va. 1972). Here, the harm occurred when the plaintiff suffered injuries at the scene of the accident in Virginia. *See* ECF No. 55 ¶¶ 23–25; *Hazelwood v. Law. Garage, LLC*, 904 S.E.2d 322, 327 n.10 (Va. App. 2024) (quoting Restatement (First) of Conflict of Laws § 377 n.1) ("Except in the case of harm from poison, when a person sustains bodily harm, the place of wrong is the place where the harmful force takes effect upon the body," not where the tortfeasor "set[s] the force in motion."). Therefore, Virginia law dictates the elements of the plaintiff's claim. Thus, to plead negligent entrustment based on driver unfitness under Virginia law, a plaintiff must plausibly allege:

(1) The defendant gave the driver "express or implied permission to drive" the vehicle, *Denby*, 188 S.E.2d at 229;

(2) The driver was "unfit," *id.*; *McNeill v. Spindler*, 62 S.E.2d 13, 16 (Va. 1950);

(3) The defendant "knew, or had reasonable cause to know" (a) that that driver was unfit and (b) that "the driver was likely to cause injury to others," *Turner v. Lotts*, 422 S.E.2d 765, 767 (Va. 1992) (quoting *Denby*, 188 S.E.2d at 229); and

(4) Both (a) the driver's unfitness and (b) the owner's negligent entrustment of the vehicle proximately caused the accident, *see Denby*, 188 S.E.2d at 230 (evidence sufficient to support finding driver's eyesight was a proximate cause of the accident); *Turner*, 422 S.E.2d at 767 (entrustment must be proximate cause).

An owner's knowledge that a driver "had received three tickets for driving infractions and had been involved in two accidents" is insufficient as a matter of law to sustain a negligent entrustment claim. *Turner*, 422 S.E.2d at 767. And this Court

4

concludes that the Virginia Supreme Court would not find Defendant Glenn's record of traffic citations[3] distinguishable. *Id.* at 767–68 (affirming summary judgment for defendant owner where "there [was] no allegation that [the driver] was physically or mentally impaired, that he was under the influence of alcohol, or that the car was defective;" that his "license was restricted, suspended, or revoked;" or that his "conduct in prior accidents was negligent"). Additionally, the facts alleged here are not the kind the Virginia Supreme Court has found adequate to sustain claims for negligent entrustment in the past. *See Denby*, 118 S.E.2d at 228 (vision disability disqualified driver from obtaining a license); *Crowell v. Duncan*, 134 S.E 576, 581 (Va. 1926) (driver's license had been revoked due to alcohol abuse).

Ultimately, though one could "speculat[e]" that Defendant Glenn is an unfit driver based on the facts alleged about his record, the Amended Complaint does not "raise [the plaintiff's] right to relief" to a level that can survive Fed. R. Civ. P. 12(b)(6) scrutiny. *Twombly*, 550 U.S. at 545. And besides the allegations about Defendant

---

[3] The Court is skeptical that the allegations about Defendant Glenn's criminal record would fare any better, but it need not decide whether the Virginia Supreme Court would find his *criminal* record probative of his fitness to operate Penske's vehicle. *See Rhodes v. E.I. du Pont de Nemours and Co.*, 636 F.3d 88, 96 (4th Cir. 2011) ("A federal court acting under its diversity jurisdiction should respond conservatively when asked to discern governing principles of state law."). Though the Amended Complaint contains facts about Defendant Glenn's criminal record, which the Court assumes are true, the plaintiff makes no allegation that Penske should have investigated *that* record or that Defendant Glenn's criminal history made him an unfit driver. *See* ECF No. 55 ¶¶ 20–21 (alleging Penske "knew it was standard industry practice to investigate the *driving record* of individuals it allowed to drive its trucks" and that Penske "either failed to perform a proper investigation of Defendant Glenn's *driving history* and was unaware of his *driving record* or performed an investigation but chose to hire him anyway") (emphasis added).

5

Glenn's driving record, the Amended Complaint contains no facts that give rise to a *reasonable* inference that he was unfit. Accordingly, the plaintiff fails to state a claim against Penske for negligent entrustment.[4]

## IV.    CONCLUSION

Accordingly, Defendant Penske's Motion to Dismiss (ECF No. 60) is **GRANTED**.

The plaintiff's claim against Defendant Penske Truck Leasing Company, LP is **DISMISSED**.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 4, 2025

---

[4] Penske argues that the plaintiff attempts to use the negligent entrustment claim to skirt the Graves Amendment, which blocks liability against vehicle lessors in most cases. ECF No. 61 at 5–6; 49 U.S.C. § 30106(a). Because the Court finds the negligent entrustment claim insufficient under Fed. R. Civ. P. 12(b)(6), it declines to address the Graves Amendment issue.