IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PAULA V. GEORGES,

    Plaintiff,

  v.

L'MONT ANDRE GLENN, *et al.*,

    Defendants.

Case No. 2:24-cv-441

**OPINION & ORDER**

Defendant L'Mont Andre Glenn seeks to strike facts alleged in the Amended Complaint regarding his history of criminal convictions and traffic violations as irrelevant to a claim of negligence resulting in an automobile accident. ECF No. 58. Because his record is not relevant to whether Defendant Glenn acted negligently during the accident, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND**[1]

Defendant Glenn worked for Defendant B&TT Trucking, LLC, a commercial truck driving company. ECF No. 55 ¶¶ 14, 15. Defendant Glenn drove a truck leased from Penske Truck Leasing Company, LP ("Penske"). *Id.* ¶ 18. B&TT knew it was standard industry practice to investigate the driving record of its drivers. *Id.* ¶ 20.

---

[1] The Court recites these facts as the plaintiff alleges them. It makes no finding as to the truth of any alleged fact.

Defendant Glenn lost control of a 26-foot commercial truck while exiting Interstate-264. ECF No. 55 ¶¶ 18, 23, 29. The truck flipped over on the shoulder of the exit ramp, and the plaintiff—the truck's passenger—was injured. *Id.* ¶¶ 22, 24.

Defendant Glenn has a criminal history and driving record, which includes (1) speeding in a school zone and failure to wear a seatbelt; (2) driving without a license and driving with expired tags; (3) failure to use due care; (4) driving on a suspended license; (5) possession of cannabis and trespass to a structure or conveyance; (6) careless driving; (7) driving on a suspended license and failure to wear a seatbelt; and (8) driving on a suspended license and driving with an obscured tag. ECF No. 55 ¶¶ 6–13. The most recent of these violations occurred in 2020. *Id.*

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows a "court [to] strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions may be granted where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004) ("*Fed. Prac. & Proc.*").

Information is immaterial for the purposes of Fed. R. Civ. P. 12(f) if it has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C *Fed. Prac. & Proc.* § 1382. Facts are impertinent for Rule 12(f) purposes if they do "not pertain, and [are] not necessary, to the issues in question." *Id.* "[I]nformation is scandalous if it improperly casts a derogatory light on someone," but

2

"[i]t is not enough that the allegation offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *Id.*

### III. ANALYSIS

#### A. Count I: Negligence as to Defendant Glenn

"[E]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Intrinsic acts, including those that are involved in the "same series of transactions as the charged offense, or [that are] necessary to complete the story of the crime on trial" may still be admitted as evidence. *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020) (cleaned up). However, evidence of other acts that are "extrinsic" to the one charged fall under Rule 404(b)'s limitations. *United States v. Underwood*, 95 F.4th 877, 891 (4th Cir. 2024).

The plaintiff alleges that the defendant breached his duty to operate his vehicle in a careful and safe manner. The plaintiff does not allege that Defendant Glenn was doing any of the acts captured in his criminal record or driving record at the time of the accident. Instead, the plaintiff attempts to use these past acts to allege that the defendant was negligent in this case.

The plaintiff does not allege that any of the prior acts included in the defendant's criminal history and driving record were part of the same series of events as the accident. And the mere existence of a criminal record makes no fact material to the plaintiff's negligence claim against Defendant Glenn more or less likely. *See* Fed. R. Civ. P. 401. In other words, Defendant Glenn's criminal and driving history "has no essential or important relationship to the claim for relief or the defenses being

pleaded." 5C *Fed. Prac. & Proc.* § 1382. Therefore, this information is immaterial under Fed. R. Evid. 401 and impertinent under Fed. R. Civ. P. 12(f). Accordingly, the Court will strike paragraphs 6–13 of the plaintiff's Amended Complaint as to Count I.

### B. Counts II and III: Negligence and Negligent Hiring and Retention as to B&TT

Defendant Glenn moves on B&TT's behalf to strike paragraphs 6–13 as to Count II, but B&TT has not itself moved to strike. ECF No. 59 at 4–5. A party must only "assert his own legal rights and interests" and typically cannot raise a claim in order to vindicate the rights of a third party. *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Therefore, Defendant Glenn's Motion must be denied as to Count II.

However, the Court may still consider *sua sponte* whether material the Amended Complaint should be stricken under Rule 12(f), and it will do so as to Count II. Fed. R. Civ. P. 12(f)(1) (court may strike material "on its own"). In Count II, the plaintiff asserts that B&TT is vicariously liable for Defendant Glenn's alleged negligence because Defendant Glenn was acting within the scope of his employment at the time of the accident. ECF No. 55 ¶ 30; *see Interim Pers. of Cent. Virginia, Inc. v. Messer*, 559 S.E.2d 704, 707 (Va. 2002) (defining the doctrine of *respondeat superior*). As the Court explained above, paragraphs 6–13 are immaterial and impertinent to Defendant Glenn's negligence. They must, then, be immaterial and impertinent to a claim that imputes his alleged negligence on his employer. Accordingly, the Court will strike paragraphs 6–13 of the plaintiff's Amended Complaint as to Count II *sua sponte*.

Count III alleges negligent hiring and retention against B&TT.[2] Whether Defendant Glenn's record is material to Count III is a fact-intensive inquiry that depends in part on the circumstances underlying Defendant Glenn's convictions. Where the would-be opponent of the allegations has not filed a motion to strike, the Court is not inclined to take up that inquiry "on its own." Fed. R. Civ. P. 12(f)(1). The Court will deny Defendant Glenn's Motion as to Count III.

## IV. CONCLUSION

Defendant Glenn's Motion to Strike Allegations in Plaintiff's Amended Complaint (ECF No. 58) is **GRANTED IN PART** and **DENIED IN PART**.

The Motion is **GRANTED** as to Count I. The Court **STRIKES** paragraphs 6–13 of the Amended Complaint (ECF No. 55) as to Count I, pursuant to Fed. R. Civ. P. 12(f)(2).

The Motion is **DENIED** as to Counts II and III.

The Court also **STRIKES** Paragraphs 6–13 of the Amended Complaint as to Count II, pursuant to Fed. R. Civ. P. 12(f)(1).

**IT IS SO ORDERED.**

Norfolk, Virginia
June 17, 2025

/s/ Jamar K. Walker
United States District Judge

---

[2] The plaintiff also attempts to assert a claim for negligent supervision. Virginia does not recognize such a cause of action, so the Court will only address the claims for negligent hiring and retention in this section. *See Chesapeake & Potomac Tel. Co. v. Dowdy*, 365 S.E.2d 751, 754 (Va. 1988); *see also Johnson v. Enter. Leasing Co.*, 182 F.3d 908 (4th Cir. 1999) (unpublished per curiam opinion) (citing *Dowdy*).

5